UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LUCIEN LEE, ET AL.

CIVIL ACTION

VERSUS

NO. 15-594-JJB-RLB

L&L ENTERPRISES, INC., ET AL.

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 20) brought by the defendant, Millennium Outdoors, LLC ("Millennium"). The plaintiffs, Lucien Lee and Donna Lee ("the plaintiffs"), filed an opposition (Doc. 24) and the defendant filed a reply brief (Doc. 25). Pursuant to this Court's Order (Doc. 27), the plaintiffs submitted an affidavit (Doc. 29) addressing the issues raised by the defendant's Motion to Dismiss. The defendant filed an objection to the affidavit (Doc. 30). Oral argument is unnecessary. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 20) is **GRANTED**.

## I.    BACKGROUND

The plaintiffs filed this product liability suit in this Court on the basis of diversity jurisdiction. *Compl.* ¶¶ 1–2, Doc. 1. The plaintiffs, who are both Louisiana citizens, sued multiple defendants including Millennium. Millennium is a Mississippi limited liability company ("LLC") with its principal place of business in Jackson, Mississippi. *Def.'s Supp. Mem.* 2, Doc. 25. Travis Brown ("Brown") is a member of Millennium. *See Articles/Certificate of Am.* 2, Doc. 24-3. In the Mississippi Secretary of State's records, which the plaintiffs relied on to determine the proper defendants, Brown's address is listed as a post office box in Mississippi. *Id.*; *see Pls.' Opp'n* 2–3, Doc. 24.

Millennium filed the instant Motion to Dismiss (Doc. 20), arguing that the Court lacks diversity subject matter jurisdiction because Brown is actually a citizen of Louisiana, and therefore

1

there is no complete diversity of citizenship among the plaintiffs and defendants. *See Def.'s Supp. Mem.* 2, Doc. 25. The plaintiffs oppose the motion, arguing that the Court has diversity jurisdiction, and in the alternative, the Court retains supplemental jurisdiction over the other defendants. *Pls.' Opp'n* 2–6, Doc. 24. The plaintiffs also request jurisdictional discovery in the event that the Court finds it lacks subject matter jurisdiction. *Id.* at 7–8.

## II.    DISCUSSION

Federal district courts have jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $ 75,000. *See* 28 U.S.C. § 1332. Subject matter jurisdiction based on § 1332 requires complete diversity on both sides of the lawsuit—meaning that no party on one side may be a citizen of the same state as any party on the other side. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The party invoking the Court's jurisdiction bears the burden of proving, by a preponderance of the evidence, the diverse citizenship of the parties. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived nor can a party be estopped from raising it. Fed. R. Civ. P. 12(h)(3); *see Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996).

The citizenship of a LLC is determined by the citizenship of all of its individual members. *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008). An individual member's citizenship is determined by his domicile—the place of his true, fixed, or permanent home. *Mas*, 489 F.2d at 1399. Changes in domicile are determined by (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Coury*, 85 F.3d at 250.

The record evidence establishes that Travis Brown is domiciled in Louisiana, and therefore is a citizen of Louisiana for the purposes of § 1332. According to his affidavit, Louisiana is

Brown's "true, fixed and permanent home." *Brown Aff.* ¶ 2, Doc. 30-1. Brown avers that he has

"resided in Louisiana [his] whole life since shortly after [his] birth." *Id.* Brown "has no intention

of taking up residence in any other domicile than the State of Louisiana," and he intends to return

to Louisiana whenever absent from it. *Id.* ¶ 3. This evidence indicates strongly that Brown is a

domiciliary of Louisiana, and was domiciled in Louisiana at the time the complaint was filed.

The only potentially contradictory evidence is that the Mississippi Secretary of State's

records list Brown's address as a P.O. Box in Mississippi. However, Brown avers that this is not

his residence nor has it ever been his residence. *Id.* ¶ 5. According to Brown, he uses the P.O. Box

for business use so that his home address and personal information would not be shared on the

government website.[1] *Id.* In light of the fact that Brown has resided in Louisiana since shortly after

birth, the Court finds that the Mississippi P.O. Box address is insufficient to establish Brown's

physical presence and intention to remain in Mississippi indefinitely. *See Coury*, 85 F.3d at 250.

Therefore, the Court finds that Brown is a Louisiana citizen for the purposes of diversity

jurisdiction. As an LLC, Millennium takes on the citizenship of all of its members, including

Brown, which makes Millennium a Louisiana citizen. *See Harvey*, 542 F.3d at 1080. Because the

plaintiffs and the defendant Millennium are citizens of Louisiana, there is a lack of complete

diversity. Therefore, the Court lacks diversity subject matter jurisdiction. *See Strawbridge*, 7 U.S.

at 267.

The plaintiffs argue that based on their reliance on the Mississippi Secretary of State's

website, as well as Millennium's failure to challenge jurisdiction in its original answer,[2] the

---

[1] The Court gave the plaintiffs an opportunity to come forth with facts demonstrating that Brown is a citizen of Mississippi. *See Order*, Doc. 27. The plaintiffs came forth with an affidavit suggesting that Brown "held himself out as a Mississippi citizen," and the plaintiffs relied on those representations when they filed their complaint. *See Haik Sr.'s Aff.* 2–3. This affidavit is insufficient to establish that Brown is a domiciliary of Mississippi.

[2] In Millennium's original answer (Doc. 4), Millennium did not admit that this Court had jurisdiction over this matter. After the plaintiffs filed an amended complaint (Doc. 18) and this Court granted Millennium's national counsel pro

defendants should be estopped from challenging jurisdiction at this time. *See Pls.' Opp'n* 3–5, Doc. 24. These arguments are contrary to hornbook law and without merit. *Coury*, 85 F.3d at 248–49.

Next, the plaintiffs argue that the Court should not dismiss the case because the Court retains supplemental jurisdiction over remaining defendants. *Id.* at 3–6. This argument is without merit and contrary to hornbook law because supplemental jurisdiction requires the Court to have an independent basis for subject matter jurisdiction over the case. 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, *Federal Practice & Procedure* § 3567 (3d ed. 2008) ("[S]upplemental jurisdiction does not—and cannot—operate to get a *case* into federal court. Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction."). As discussed above, here the Court does not have an independent basis for exercising diversity subject matter jurisdiction. The plaintiffs' arguments that judicial economy calls for exercising supplemental jurisdiction, *Pls.' Opp'n* 5–6, Doc. 24, are similarly without merit.

Finally, the plaintiffs request that in the alternative of granting Defendants Motion to Dismiss, that the parties be allowed to conduct pre-ruling jurisdictional discovery in matters pertinent to this litigation. *Id.* at 7–8. Specifically, the plaintiffs requested pre-ruling discovery to gain information regarding the business affairs of each named defendant, and their relationship with each other. *Id.* None of this information is pertinent to the Millennium's or Brown's citizenship. Therefore, the plaintiffs' request is denied.

---

hac vice admission (Docs. 15 & 16), Millennium filed an answer to the amended complaint. In the answer to the amended complaint (Doc. 19), Millennium challenged this Court's jurisdiction.

**III.    CONCLUSION**

For the reasons stated above, the defendant's Motion to Dismiss (Doc. 20) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 12, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5